IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


CALVIN O'NEAL BURTON                                                                    PLAINTIFF

      v.                                        Civil No. 4:11-cv-04105

BILLY MORITZ, Attorney;
PHILIP HARRIS, Assistant
Prosecuting Attorney                                                                  DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Calvin O'Neal Burton, currently incarcerated at the Hempstead County Detention Facility, filed this civil rights action under 42 U.S.C. § 1983.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.   The case is before me for preservice screening under the Prison Litigation Reform Act.

**1.  Background**

According to the allegations of the complaint, on September 16, 2011, Plaintiff's attorney, Billy Moritz, advised him to accept a plea agreement being offered by Phillip Harris, the assistant prosecuting attorney.  As Plaintiff understood the agreement, he would plead guilty and accept a twenty-four year sentence.  In return, the prosecuting attorney "would drop the large habitual."

However, when Plaintiff received his Arkansas Department of Correction commitment papers, he alleges he was still "charged as a large habitual."  Plaintiff maintains both his attorney and the prosecuting attorney lied to him.

As relief, Plaintiff asks for justice to be done in his case.  Plaintiff also seeks damages in the

-1-

amount of five million dollars for his pain and suffering.

### 2.  Discussion

The Plaintiff is an inmate of the Hempstead County Detention Facility.  Pursuant to 28 U.S.C. § 1915A, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § § 1915(e)(2)(B) & 1915A(b).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).  Although "'detailed factual allegations are not required,'" a complaint must include enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,  129 S. Ct. 1937, 1949-50 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  While pro se complaints are to be construed liberally, courts must still apply the "plausibility standard." *See Ventura-Vera v. Dewitt*, 2011 WL 2184269, *1 (8th Cir. June 7, 2011).

The claims asserted in this case are clearly subject to dismissal as they are frivolous and fail to state claims upon which relief may be granted.  First, in *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal

-2-

proceedings.  Thus, when the claim is merely that a public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983.  *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).  Clearly, no claim is stated against Billy Moritz.

Second, the prosecuting attorney is immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."   *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.*, 424 U.S. at 430.   *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear that Phillip Harris is entitled to absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Finally, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction.  *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

### 3.  Conclusion

Accordingly, I recommend that Plaintiff's complaint be dismissed without prejudice.  Despite

-3-

the dismissal of the complaint, the Plaintiff remains liable for the $350 filing fee under the provisions of the Prison Litigation Reform Act (PLRA).  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997)(Under PLRA, prisoners are  responsible for filing fees from the moment the civil action is filed).

The dismissal of this action will also constitute a strike under the PLRA.  For this reason, the Clerk should be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

-4-